Carol Lynn Finklehoffe, CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ANDREW PRINCE, | CASE NO.: |
|---|---|
| Plaintiff, | **PLAINTIFF'S COMPLAINT AND** |
| vs. | **DEMAND FOR JURY TRIAL** |
| PRINCESS CRUISE LINES, LTD., a corporation for profit, | |
| Defendant. | |

Plaintiff, ANDREW PRINCE, brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by the Plaintiff ANDREW PRINCE and seeks compensatory damages, statutory attorney's fees and costs, and all other such relief provided under principles of negligence pursuant to the General Maritime Law.

1

Plaintiff's Complaint and Demand for Jury Trial

## Jurisdiction

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendant PRINCESS, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities

toward the state, thereby obtaining the benefits and protections of the state's laws;

e. The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county; and

f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

## The Parties

5. Plaintiff, ANDREW PRINCE, was and is a resident of Florida.

6. At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address, and principal place of business located in the County of Los Angeles.

7. At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports throughout the world, including Los Angeles, California and Fort Lauderdale, Florida.

8. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including Los Angeles, California and Fort Lauderdale, Florida.

9. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Caribbean Princess* ("the subject vessel").

3

Plaintiff's Complaint and Demand for Jury Trial

10. At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard the subject vessel.

**General Allegations Common to All Counts**

11. At all times material Defendant PRINCESS marketed, advertised, and represented to the general public, including the Plaintiff, that "Princess Access Makes Cruise Vacations Accessible for Passengers with Disabilities" and it has an "award-winning program [which] address special needs at sea."

12. At all times material Defendant PRINCESS marketed, advertised, and represented to the general public, including the Plaintiff, that "wheelchair users will find access-friendly designs across most of the Princess fleet, making it easy to enjoy each vessel's restaurants, theaters, spas, lounges, and open deck spaces."

13. Defendant PRINCESS, through its parent company, CARNIVAL CORPORATION, on July 23, 2015, entered into a Settlement with the United States that its vessels, including specifically the *Caribbean Princess*, would be ADA complaint.

14. At all times material, Defendant PRINCESS actively engaged and actively participated in designing, manufacturing, maintaining, modifying, and/or otherwise making its vessels, including the *Caribbean Princess*, ADA complaint, with wheelchair accessible routes to the various amenities aboard its vessels.

15. Defendant PRINCESS installed wheelchair ramps aboard the *Caribbean Princess,* including, but not limited to, the entrances of the World Fresh Marketplace.

4
Plaintiff's Complaint and Demand for Jury Trial

16. The wheelchair ramps entrance of the World Fresh Marketplace was not ADA complaint. The sides of the ramps do not slope as required but instead have abrupt drop offs.

 

17. At all times material, the Plaintiff ANDREW PRINCE was a fare paying passenger and lawfully aboard the vessel *Caribbean Princess*.

18. On or about January 18, 2022, the Plaintiff ANDREW PRINCE was on the wheelchair ramp at the entrance of the World Fresh Marketplace when his foot slipped on a foreign substance, causing his foot/leg to slide and fall off the abrupt edge of the wheelchair ramp.

19. The dangerous nature of the wheelchair ramp was not open and obvious, and Defendant PRINCESS failed to properly warn the Plaintiff, ANDREW PRINCE, of these hazardous conditions.

20. These hazardous conditions were either created by the Defendant PRINCESS and its employees, or had been in place for a sufficient period of time so

that the Defendant PRINCESS knew or should have known about them through the exercise of reasonable care.

21. Alternatively, the Defendant PRINCESS and/or its employees, at all material times, undertook to maintain and operate the *Caribbean Princess* in a reasonably safe manner, including, but not limited to, installing ADA complaint wheelchair ramps, thereby acquired a duty to exercise reasonable care in those undertakings.

22. As a result of the negligence of Defendant, their vessel, and/or crew, the Plaintiff ANDREW PRINCE suffered serious, permanent, and debilitating injuries, including but not limited to injuries to his ankle and knee.

## COUNT I
## NEGLIGENCE FAILURE TO WARN AGAINST DEFENDANT

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 22, and alleges as follows:

23. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment owed the Plaintiff ANDREW PRINCE a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

24. Alternatively, at all material times, Defendant PRINCESS and/or their employees engaged in certain affirmative undertakings, as hereafter alleged, and in

doing so acquired a duty to exercise reasonable care in those undertakings.

25. On or about January 18, 2023, Defendant PRINCESS and/or its agents, servants, joint venturers, and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including, but not limited to:

    a. Failure to warn the Plaintiff of the unreasonably wet and/or slippery condition of the subject ramp;

    b. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, and/or hazardous flooring surface of the subject ramp;

    c. Failure to adequately warn passengers, including Plaintiff, of dangers posed by not having adequate cleaning on the subject ramp, so that passengers can safely traverse the ramp;

    d. Failure to warn the Plaintiff of unreasonably dangerous conditions and/or hazards of the subject handicap access ramp;

    e. Failure to warn the Plaintiff that the subject handicap access ramp was not ADA compliant; and/or

    f. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring in the same area, same ramp, same deck, and/or same flooring surface.

26. At all material times, Defendant PRINCESS had exclusive custody and

control of the subject vessel.

27. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff ANDREW PRINCE of the dangerous and hazardous condition which resulted in his injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate, and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff ANDREW PRINCE to be injured.

28. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff ANDREW PRINCE's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

29. As a result of the negligence of Defendant PRINCESS, the Plaintiff ANDREW PRINCE was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff ANDREW PRINCE's injuries, and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff ANDREW PRINCE will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

8

Plaintiff's Complaint and Demand for Jury Trial

WHEREFORE the Plaintiff ANDREW PRINCE demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## COUNT II
## NEGLIGENCE FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 22, and alleges as follows:

30. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment owed the Plaintiff ANDREW PRINCE a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

31. Alternatively, at all material times, Defendant PRINCESS and/or their employees engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

32. On or about January 18, 2023, Defendant PRINCESS and/or its agents, servants, joint venturers, and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited to:

    a. Failure to adequately and regularly inspect the subject ramp to determine whether it was unreasonably wet or slippery;

9
Plaintiff's Complaint and Demand for Jury Trial

b. Failure to maintain the subject ramp where the Plaintiff fell in a reasonably safe condition in light of the anticipated use;

c. Failure to maintain the subject ramp in a clean and dry condition;

d. Failure to adequately and regularly inspect the subject ramp for wet and/or unreasonably slippery conditions;

e. Failure to adequately and regularly monitor the subject ramp to maintain the ramp free of wet and/or unreasonably slippery conditions;

f. Failure to adequately and regularly clean the subject ramp;

g. Failure to inspect the subject ramp to ensure it was ADA complaint;

h. Failure to maintain the subject ramp so it was ADA complaint;

i. Failure to maintain the subject ramp so it was complaint with industry standards, including but not limited ASTM F1166;

j. Negligently designing, manufacturing, installing, and/or maintaining the subject handicap access ramp, including but not limited the slope (both directional travel and cross travel), rise, edge protection, side aprons, running slope, and lack level landing;

k. Negligently designing, manufacturing, installing, and/or maintaining the subject handicap access ramp which failed to comply with industry standards, the ADA and/or SOLAS; and/or

l. Failure to maintain the subject ramp in a reasonable safe condition so as to not create a dangerous condition with sudden/abrupt drop-offs.

10

Plaintiff's Complaint and Demand for Jury Trial

33. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

34. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff ANDREW PRINCE of the dangerous and hazardous condition which resulted in his injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate, and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff ANDREW PRINCE to be injured.

35. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff ANDREW PRINCE's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

36. As a result of the negligence of Defendant PRINCESS, the Plaintiff ANDREW PRINCE was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff ANDREW PRINCE's injuries, and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff ANDREW PRINCE will suffer the losses and impairments in the future. In addition,

11
Plaintiff's Complaint and Demand for Jury Trial

Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff ANDREW PRINCE demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## COUNT III
## GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 22, and alleges as follows:

37. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff ANDREW PRINCE a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

38. Alternatively, at all material times, Defendant PRINCESS and/or their employees engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

39. On or about January 18, 2022, Defendant PRINCESS and/or its agents, servants, joint venturers, and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a. Failure to provide reasonably safe place for the Plaintiff to walk;

b. Failure to provide Plaintiff with reasonably safe means to enter the World Fresh Marketplace;

c. Failure to design, manufacture, install, and/or maintain a safe, adequate, and functioning handicap access ramp;

d. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to detecting and preventing incidents, such as the Plaintiff's, from occurring on its vessels, including but not limited to the *Caribbean Princess*;

e. Failure to correct and/or eliminate the dangerous or hazardous conditions which Defendant knew or should have known about which caused the Plaintiff to suffer his incident;

f. Failure to warn the Plaintiff of unreasonably dangerous conditions and/or hazards of the subject handicap access ramp;

g. Negligently designing, manufacturing, installing, and/or maintaining the subject handicap access ramp, including but not limited to, the slope (both directional travel and cross travel), rise, edge protection, side aprons, running slope, and lack level landing;

h. Negligently designing, manufacturing, installing, and/or maintaining the subject handicap access ramp which failed to comply with industry standards, the ADA and/or SOLAS;

i. Failure to comply with safety codes and standards designed and

promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

j. Failure to eliminate and/or modify the unreasonably dangerous conditions and/or hazards which caused Plaintiff to suffer his accident;

k. Failure to promulgate and/or enforce adequate policies and procedures for the design, manufacturing, installing, and/or maintaining the handicap access ramp so it was reasonably safe for use by passengers,

l. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject ramp was adequately and regularly inspected, monitored, cleaned, and maintained free of wet and slippery conditions;

m. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are places on or around wet and/or slippery areas and/or that such wet and/or slippery areas are closed off;

n. Failure to ascertain the cause of prior similar incidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident;

o. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of ramp;

p. Failure to utilize a reasonably safe flooring surface on the ramp in light of the anticipated traffic and anticipated purpose of the area;

q. Failure to test and/or adequately evaluate the flooring surface of the

14

Plaintiff's Complaint and Demand for Jury Trial

subject ramp in light of the anticipated traffic and purpose of the area; and/or

r. Failure to ascertain whether subject ramp meets applicable standards, such as ASTM F1166.

40. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

41. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff ANDREW PRINCE of the dangerous and hazardous condition which resulted in his injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate, and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff ANDREW PRINCE to be injured.

42. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff ANDREW PRINCE's accident and did not correct them or the conditions existed for a sufficient length of time so that Defendant PRINCESS, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

43. As a result of the negligence of Defendant PRINCESS, the Plaintiff ANDREW PRINCE was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation

15
Plaintiff's Complaint and Demand for Jury Trial

of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff ANDREW PRINCE's injuries, and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff ANDREW PRINCE will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff ANDREW PRINCE demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## **Prayer for Relief**

WHEREFORE, the Plaintiff ANDREW PRINCE respectfully request the Court enter judgment in his favor and against the Defendant PRINCESS as follow:

1. To enter judgment in favor of the Plaintiff against Defendant PRINCESS on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

3. To award compensatory damages in the amount to be ascertained at trial;

4. To award costs of suit, as permitted by law;

5. For prejudgment interest according to proof; and

6. To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: December 19, 2023.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

## Demand for Jury Trial

Plaintiff ANDREW PRINCE hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED: January 4, 2024.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*